Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4107 | **DATE** | JUN 04 2012 |
| **CASE TITLE** | Joseph Sargon Lazar (#2010-1209051) vs. Cook County Dept. of Corrections | | |

**DOCKET ENTRY TEXT**

The plaintiff is granted thirty days in which he must: (1) either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. The complaint on file is dismissed without prejudice for failure to state a claim. The clerk is directed to send the plaintiff an i.f.p. application, an amended civil rights complaint form with instructions, and a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

The plaintiff, a detainee at Cook County Jail, has brought this *pro se* civil action pursuant to 42 U.S.C. § 1983.

The plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. While he did submit a portion of a petition for leave to proceed *in forma pauperis*, it is incomplete. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file a complete *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from November 15, 2011, through May 15, 2012].

In addition, the plaintiff's complaint fails to state a claim. Plaintiff alleges that other detainees are making weapons from materials within the jail and that he fears for his safety because of the presence of weapons. He also alleges he is stressed due to his detention in the jail. Plaintiff names the Cook County Department of Corrections as the sole Defendant

First, the Cook County Department of Corrections is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). More importantly, Plaintiff's complaint fails to state a federal claim.

To be liable under the Civil Rights Act, 42 U.S.C. § 1983, a defendant must have acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Plaintiff alleges that detainees make weapons and that he fears for his safety. He also alleges that he has stress due to his detention at the jail. A pretrial detainee's claim of unconstitutional conditions of confinement is analyzed under the Fourteenth

Amendment's Due Process Clause, rather than the Eighth Amendment. *See Anderson v. Gutschenritter*, 836 F.2d 346, 348-49 (7th Cir. 1988). However, the relevant question for a due process analysis challenging the conditions of confinement is the same analysis as that under the Eighth Amendment. *See Block v. Rutherford*, 486 U.S. 576, 583 (1984); *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998).

A two-prong analysis is utilized in determining whether the conditions of confinement reach unconstitutional proportions. *See Wilson v. Seiter*, 501 U.S. 294, 299-302 (1991). The analysis consists of both an objective and subjective component. *Id.* The objective component requires a showing that the alleged condition denies the detainee "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

While the jail is required to provide a safe environment, *Rhodes*, 452 U.S. at 347-48, the mere presence of weapons does not rise to the level of a constitutional violation. Regrettably, "[p]risoners are dangerous (that's why many are confined in the first place).... Some level of brutality and sexual aggression among them is inevitable no matter what the guards do." *Birch v. Jones*, No. 02 C 2094, 2003 WL 21210107, *3 (N.D. Ill. May 21, 2003) (Manning, J.), quoting *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991). Furthermore, the plaintiff's general unhappiness with the jail and his resulting stress do not amount to a constitutional violation. The Constitution "does not mandate comfortable prisons," and only those deprivations denying the "minimal civilized measures of life's necessities" are serious enough to implicate the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also, Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "Inmates cannot expect the amenities, conveniences, and services of a good hotel . . . ." *Harris v. Fleming*, 839 F.2d 1232, 135-36 (7th Cir. 1988).

For the foregoing reasons, the plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is granted thirty days in which to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

In summary, the plaintiff must, within thirty days, (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. The clerk is directed to send the plaintiff an i.f.p. application, an amended civil rights complaint form with instructions, and a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case.